J-S24011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE MICHAEL MAURER | : | |
| | : | |
| Appellant | : | No. 357 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 8, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001292-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE MICHAEL MAURER | : | |
| | : | |
| Appellant | : | No. 358 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 8, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000319-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE MAURER | : | |
| | : | |
| Appellant | : | No. 359 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 8, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000584-2019

J-S24011-21

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                    **FILED: September 9, 2021**

In these consolidated appeals, Appellant, Shane Michael Maurer, appeals from the February 8, 2021 Judgments of Sentence entered after the revocation of his probation at three different dockets.[1] Appellant challenges the discretionary aspects of his sentence and the legality of a prior violation of probation sentence.  After careful review, we affirm.

Appellant has struggled for at least a decade with an addiction to methamphetamine and other drugs.  Throughout his struggle, he committed crimes for which the court initially sentenced him to probation so that he could obtain treatment.  However, Appellant serially violated his probation, which, relevant to this Appeal, resulted in the court sentencing him to a term of two to six years' incarceration and two terms of probation to be served consecutively to his imprisonment.

We provide the following facts and procedural history relevant to our disposition.  On March 18, 2020, Appellant completed a sentence of incarceration at Docket No. 1839-2013, which is unrelated to this appeal,[2] and

_____

* Former Justice specially assigned to the Superior Court.

[1] Appellant filed one Notice of Appeal at each lower court docket number.  On April 14, 2021, we consolidated Appellant's appeals *sua sponte.*

[2] On February 4, 2014, Appellant pleaded guilty at Docket No. 1839-2013 to Criminal Trespass, for which the court sentenced Appellant to 23 months of probation to be served concurrently with his sentence of probation at the Docket No. 1292-2013.  Appellant also serially violated his probation and parole at Docket No. 1839-2013.

- 2 -

was released to serve the terms of probation remaining on the three dockets relevant herein, Docket No. 1292-2013 ("2013 Docket"), Docket No. 319-2014 ("2014 Docket"), and Docket No. 584-2019 ("2019 Docket").

On March 20, 2020, Appellant came under the supervision of the Pennsylvania Board of Probation and Parole. During this period of supervision, Appellant tested positive on numerous occasions for methamphetamines and amphetamines and admitted to his probation officer, Adam Henderson ("PO Henderson"), to using controlled substances daily. As a result, PO Henderson directed Appellant to obtain a drug and alcohol evaluation at Twin Lakes rehabilitation center and follow through with any recommended treatment. Appellant received a treatment evaluation but failed to pursue the recommended treatment.

PO Henderson, in Appellant's presence, contacted the Cove Forge drug treatment facility to arrange inpatient treatment for Appellant. However, Appellant failed to arrive at the arranged location for his transport to Cove Forge and PO Henderson could not locate him. The court issued a bench warrant for Appellant's arrest and, on August 26, 2020, a state probation officer located him in Johnstown. This probation officer, along with local police, attempted to apprehend Appellant, who fled. Following a chase, the officers took Appellant into custody. The officers found Appellant in possession of multiple syringes, one of which contained methamphetamine.

On September 1, 2020, the trial court found that Appellant had violated the terms of his probation imposed at the 2019 Docket. The court ordered

Appellant be furloughed to Cove Forge to undergo inpatient treatment as previously arranged by PO Henderson. Appellant arrived at Cove Forge on September 10, 2020, but fled on September 11, 2020. Appellant remained at large until his arrest on January 29, 2021.

On February 8, 2021, the court held a hearing to determine whether Appellant had violated the probation sentences imposed at all three dockets. Following the hearing, at which PO Henderson testified to the above facts, the court found Appellant in violation of his probation at all three dockets. At the 2013 Docket, the court resentenced Appellant to a term of two- to six- years of incarceration.[3] *See* Trial Ct. Op., 5/26/21, at 4.

At the 2014 Docket, the trial court sentenced Appellant to 24 months of probation. The court ordered Appellant to serve this sentence consecutive to the sentence imposed at the 2013 Docket. *Id.*

At the 2019 Docket, the trial court sentenced Appellant to 23 months of probation. The court also ordered Appellant to serve this probation sentence consecutive to the sentence imposed at the 2014 docket. *Id.*

On February 16, 2021, Appellant filed a Motion for Modification of Sentence, baldly asserting that the two- to six-year sentence of incarceration imposed by the court at the 2013 Docket was "unduly harsh and excessive." Motion, 2/16/21, at ¶ 2. On February 25, 2021, the court held a hearing on the Motion. Appellant argued that his addiction issues require "more structure

_____

[3] The court ordered that this sentence run consecutive to a sentence imposed at Docket No. 1839-2013.

- 4 -

than jail" because each time he is incarcerated in a state prison he "come[s] home with a Suboxone habit," and he asserted that "it's easier to find drugs in [] jail." N.T., 2/25/21, at 2. The trial court denied Appellant relief, noting that Appellant had a long history of non-compliance, and encouraged Appellant to apply for participation in the drug treatment program offered in the state correctional institution. *Id.* at 4.

These appeals followed.

Appellant raises the following two issues on appeal:

1. Whether the [s]entencing [c]ourt manifestly abused its discretion, hence violating the mandates of the Pennsylvania Sentencing Code, when its sentence far exceeded the reasons for which Appellant violated his probation?

2. Whether Appellant was given an illegal sentence on his probation violation when his underlying sentence imposed in 2017 was illegal?

Appellant's Brief at 6 (unpaginated).

**Issue I – Challenge to the Discretionary Aspects of Sentence**

In his first issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 12-15. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included

pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed from his Judgment of Sentence and preserved his discretionary aspects of sentencing claim in a post-sentence motion. Appellant also included a Rule 2119(f) Statement in his Brief to this Court in asserting that his claim raises a substantial question because the trial court imposed a sentence of total confinement without considering Appellant's rehabilitative needs.[4] Appellant's Brief at 13. We conclude that Appellant has presented a substantial question for our review. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (finding the appellant presented a substantial question by arguing "that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [the] [a]ppellant, as 42 Pa.C.S. § 9721(b) requires[.]"). Therefore, we now proceed to the merits of the claim raised on appeal.

In a one-paragraph argument in support of his discretionary aspects of sentence claim, Appellant "assume[s] that the [t]rial [c]ourt entered [his]

_____

[4] In his Rule 2119(f) Statement, Appellant erroneously invoked Section 9721(b) of the Sentencing Code, when, in fact, Section 9771(c) controls sentencing following revocation of a defendant's probation as is the case here. *See* 42 Pa.C.S § 9721 (setting forth rules for sentencing generally); *Id.* at 9771 (setting forth rules for resentencing following probation revocation). Nevertheless, Appellant properly referred to Section 9771(c), albeit implicitly, and his error does not impact our conclusion that he raised a substantial question.

sentence to 'vindicate the authority of the [c]ourt.'" Appellant's Brief at 14-15. He proceeds to note that the trial court placed "no statement to this effect on the record." *Id.* at 15. Appellant, therefore, concludes that, "because the record is devoid of any finding," his sentence is excessive. *Id.* Because Appellant failed to develop an argument supporting his contentions, he has waived this issue.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101.

To properly develop an issue for our review, an appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)). In addition, when an appellant refers to any matter appearing in the record, he must direct this Court to the place in the record where the matter to which he refers appears. Pa.R.A.P. 2119(c).

As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Hardy*, *supra* at 771. Where

defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.*

Appellant's conclusory, undeveloped, one-paragraph argument lacks citation to the record and discussion of any controlling case law. These defects preclude our ability to conduct meaningful appellate review of Appellant's challenge to the discretionary aspects of his sentence. We, therefore, find this issue waived.

**Issue II – Challenge to the Legality of a Prior Sentence**

In his second issue, Appellant asserts that, in 2017, the trial court illegally extended his parole period. Appellant's Brief at 16. He concludes that we should, therefore, vacate the instant sentence as the court imposed it as a consequence of Appellant's violation of the illegal 2017 sentence.[5] *Id.* at 17.

On October 23, 2017, the trial court sentenced Appellant to a revocation sentence of 72 months of probation at the 2013 Docket. Appellant did not file a post-sentence motion or an appeal from the imposition of this sentence. Accordingly, Appellant's Judgment of Sentence became final 30 days later, on

_____

[5] Appellant does not explain in what way the 2017 sentence was illegal or provide any other details, such as the date of the Judgment of Sentence he contends is illegal, for evaluating this claim. We, thus, presume, from our review of the record and the Commonwealth's Brief, that Appellant seeks to challenge the legality of the revocation sentence imposed on October 23, 2017, at the 2013 Docket.

November 22, 2017, upon expiration of the time to file a direct appeal.  **See** Pa.R.A.P. 903(a).

Appellant acknowledges that his legality of sentence claim is untimely but asserts that he may raise it "as a matter of right" and "for the first time on appeal."  Appellant's Brief at 16.

Although Appellant correctly asserts that a legality of sentence claim cannot be waived by failing to take a timely appeal from the judgment of sentence, he neglects to acknowledge that it must be raised in a timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). **See also Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) ("It is well-settled that the PCRA's time restrictions are jurisdictional in nature.").  A timely PCRA petition is one filed within one year of a defendant's judgment of sentence becoming final.  42 Pa.C.S. § 9545(b)(1) and (3). Alternatively, a petitioner may overcome the PCRA's one-year jurisdictional time-bar if he successfully pleads and proves one of the exceptions set forth in the PCRA.  **Id.** at 9545(b)(1)(i)-(iii).

Instantly, Appellant did not file a timely appeal from his October 23, 2017 Judgment of Sentence or a timely PCRA petition within one year of that Judgment of Sentence becoming final on November 22, 2017, *i.e.*, by November 22, 2018.  Furthermore, Appellant did not file a PCRA petition any time after the expiration of the one-year time bar in which he could have

asserted one of the timeliness exceptions provided in Section 9545(b)(1) to obtain review of the legality of his 2017 sentence.

Accordingly, we are without jurisdiction to review Appellant's untimely illegal sentence claim.

Judgment of Sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/9/2021